UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA *ex rel.*
STEPHEN P. WALLACE and
ALL FLORIDA TAXPAYERS
SIMILARLY SITUATED,

    Plaintiff,

v.                                              Case No. 4:22-cv-113-MW/MJF

JOHN A. TOMASINO, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On March 15, 2022, Plaintiff, proceeding *pro se*, initiated this action against six defendants. Doc. 1. Given that Plaintiff's allegations are difficult to decipher, it is unclear how the defendants allegedly violated Plaintiff's rights.

On March 18, 2022, because Plaintiff's complaint violated the Federal Rules of Civil Procedure, violated the Local Rules of the United States District Court for the Northern District of Florida, failed to state a plausible claim for relief, and requested a criminal prosecution as relief, the undersigned ordered Plaintiff to file

an amended complaint or a notice of voluntary dismissal. Doc. 5. The undersigned imposed a deadline of April 18, 2022 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, failure to state a plausible claim for relief, and lack of standing. *Id.* at 14.

On March 24, 2022, instead of filing an amended complaint or a notice of voluntary dismissal, Plaintiff filed "Emergency Motions for Entire En Banc Panel to Strike" the undersigned's March 18, 2022 order. Doc. 6. That same day, the District Court denied Plaintiff's motion because the undersigned's order was not clearly erroneous or contrary to law. Doc. 7. The District Court extended the deadline for Plaintiff to file an amended complaint or a notice of voluntary dismissal to April 29, 2022. *Id.* at 2. Plaintiff did not comply with that order.

On May 4, 2022, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of March 18, 2022.[1] Doc. 12.

---

[1] On March 29 and 31, 2022, Plaintiff filed two motions, respectively, which the District Court construed as motions to reconsider the District Court's March 24, 2022 order. Docs. 8, 9. The District Court denied those motions. Doc. 10. On April 27, 2022, Plaintiff also filed a petition for a writ of mandamus in the United States Court of Appeals for the Eleventh Circuit. Doc. 11. The Court of Appeals advised Plaintiff that his petition would be dismissed "without further notice unless [he] provide[d] the required proof of service within 14 days." *Id.* at 1. There is no indication from the court's electronic docketing system that Plaintiff provided the required proof of service.

The undersigned imposed a deadline of May 25, 2022 to comply. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Local Rules, failure to state a claim upon which relief can be granted, and lack of standing. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-

87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On March 18, 2022, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal by April 18, 2022. Doc. 5. On March 24, 2022, the District Court extended that deadline to April 29, 2022. Doc. 7. Despite having *over two months* to comply with the undersigned's and District Court's orders, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 1st day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**